O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
link #86
CIVIL MINUTES - GENERAL

| Case No. | CV 08-2220 PSG (PJWx) | Date | March 3, 2009 |
|---|---|---|---|
| Title | The Kindred Limited Partnership v. Screen Actors Guild, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Denying Motion for Leave to File Third Amended Complaint

Before the Court is Plaintiff's motion for leave to file a third amended complaint. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby DENIES Plaintiff's motion.

I.   Background

On April 3, 2008, the Kindred Limited Partnership ("Plaintiff") filed suit against Synapse Films, Inc. ("Synapse") and Screen Actors Guild, Inc. ("SAG"). Plaintiff claims that SAG wrongfully foreclosed on its rights in *The Kindred* ("the Film"), a theatrical motion picture. On November 9, 2004, SAG held a public disposition of the Film, where SAG itself purchased the Film for $10,000. In 2006, SAG sold the Film to Synapse for $18,000.

On May 20, 2008, pursuant to stipulation, Plaintiff filed its First Amended Complaint ("FAC"). On August 11, 2008, following a stipulation by the parties, the Court permitted Plaintiff to file its Second Amended Complaint ("SAC"), which added Technicolor, Inc. ("Technicolor") as a defendant for the first time. The SAC asserted a claim for breach of bailment against Technicolor, alleging that it had delivered Film materials to SAG and Synapse without Plaintiff's permission.

On February 3, 2009, Technicolor filed a *ex parte* application seeking an order forcing Plaintiff to remove from its pretrial filings three additional claims against Technicolor. The

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
link #86
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2220 PSG (PJWx) | Date | March 3, 2009 |
|---|---|---|---|
| Title | The Kindred Limited Partnership v. Screen Actors Guild, et al. | | |

Court held a hearing on February 5, 2009 and instructed Plaintiff to file a motion for leave to file a Third Amended Complaint ("TAC"). That motion is now before the Court.

II.     Legal Standard

Federal Rule of Civil Procedure 16(b) requires a district judge to issue a scheduling order that limits, *inter alia*, the time to amend the pleadings. Fed. R. Civ. P. 16(b)(3)(A). A party seeking leave to file an amended pleading after the deadline set in the scheduling order must show "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). In fact, the Ninth Circuit has held that a court may deny as untimely a motion for leave to amend filed after the cut-off date where no request to modify the scheduling order has been made. *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (superseded by statute on other grounds). Unlike Rule 15(a)'s liberal amendment policy, which places the burden on the opposing party to show bad faith or prejudice, Rule 16(b)'s good cause standard focuses on the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609. The Ninth Circuit has held that if the party was not diligent, the inquiry should end. *Id.* The court will reach a Rule 15(a) analysis only if the plaintiff demonstrates that despite his diligence, he could not seek amendment until after the deadline had passed. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 606-07 (E.D. Cal. 1999)

III.    Discussion

Plaintiff's brief argues that leave to amend is appropriate under Federal Rule of Civil Procedure 15(a). As set forth above, however, that is not the appropriate standard for a motion for leave to amend at this late stage in the proceedings. Plaintiff does not even discuss Rule 16(b)'s "good cause" standard or argue that it has been met here. Instead, Plaintiff casts its motion as an attempt to "clarify" its previous complaint "to the extent that there was any uncertainty." According to Plaintiff, leave to file its proposed TAC should be granted because Technicolor was previously on notice of Plaintiff's claims for copyright infringement, breach of contract, and conversion. Additionally, Plaintiff seeks to add a new claim against SAG for slander of title.

Some courts have held that a party can demonstrate "good cause" to amend a pleading after the deadline under Rule 16(b) if the opposing party was already aware of the reason for amendment. For instance, in *Sousa ex rel. Will of Sousa v. Unilab Corp. Class II (Non-Exempt) Members Group Benefit Plan*, 252 F. Supp. 2d 1046 (E.D. Cal. 2002), the court permitted amendment of the scheduling order to allow defendants to include an affirmative defense

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
link #86
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2220 PSG (PJWx) | Date | March 3, 2009 |
|---|---|---|---|
| Title | The Kindred Limited Partnership v. Screen Actors Guild, et al. | | |

because the defense was raised in defendants' answer, and plaintiffs had addressed it in their motion for summary judgment. *Id.* at 1059. Thus, the Court held, the plaintiffs were clearly on notice of the defense. *Id.*

In contrast, the court found that the moving party had failed to demonstrate good cause to amend under Rule 16(b) in *Eagle v. American Tel. & Tel. Co.*, 769 F.2d 541 (9th Cir. 1985). The *Eagle* plaintiff sought to raise a new theory of relief at the summary judgment stage. Despite the fact that the plaintiff's new theory was based on the same operative facts previously pled, the Ninth Circuit rejected his attempt to reframe his claim after the cut-off for amending pleadings set forth in the scheduling order. The Court held that it would be unfair to permit a plaintiff to "change strategies at that late stage of litigation." *Id.* at 548.

Here, pursuant to the Court's June 24, 2008 Scheduling Order, the deadline for amending pleadings was August 1, 2008. *Docket No.* 29. The Court finds that Plaintiff has failed to show that there is good cause for amending the complaint six months after the deadline established by the Order. Plaintiff contends that its SAC "fully advised Technicolor of the facts that support its copyright infringement (contributory), breach of contract, and conversion claims." However, the claim for copyright infringement in the SAC is explicitly stated to be against only SAG and Synapse. Similarly, the breach of contract claim is explicitly stated to be only against SAG. And although the conversion claim stated that it was against "all Defendants"—a heading mistakenly retained from the FAC, suggests Technicolor—there are no charging allegations against Technicolor. Additionally, Plaintiff prayed for relief on its copyright claim only against SAG and Synapse; on its breach of contract claim, only against SAG; and on its conversion claim, only against SAG and Synapse.

Furthermore, before the parties stipulated to the filing of the SAC, Plaintiff contacted SAG to request that it consent to the amendment. Plaintiff's email indicated that "the second amended complaint adds a new claim for relief - breach of bailment - against Technicolor Inc." Attached to the email was a redlined version of the proposed SAC, which indicated that the only change from the FAC was the addition of Technicolor as a defendant in a claim for breach of bailment. No new charging allegations were added to the other claims for relief. Additionally, Technicolor's answer to the SAC only addressed the breach of bailment claim. Based on the foregoing, it cannot be said that Technicolor was on notice of any claims against it other than breach of bailment. Thus, good cause to amend has not been shown on notice grounds. *See Eagle*, 769 F.2d at 548; *compare Sousa*, 252 F. Supp. 2d at 1059.

Plaintiff's attempt to assert for the first time a slander of title claim against SAG must

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #86
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2220 PSG (PJWx) | Date | March 3, 2009 |
|---|---|---|---|
| Title | The Kindred Limited Partnership v. Screen Actors Guild, et al. | | |

also be denied. Plaintiff maintains that this amendment should be permitted because the claim arises from the same operative facts alleged in the SAC. However, Plaintiff has not met Rule 16(b)'s requirement that it show "good cause" for amending the complaint more than six months after the cut-off date. According to Plaintiff, it learned new facts during discovery—specifically, the December 5, 2008 deposition of Technicolor's 30(b)(6) designee—which give rise to the slander of title claim. However, Plaintiff's failure to seek leave to amend for more than two months after learning of these facts does not demonstrate diligence. *See Jackson*, 186 F.R.D. at 608 (plaintiff must show that she was diligent in seeking amendment once it became apparent that she could not comply with the scheduling order). Furthermore, the Court finds that it would be unfair to permit Plaintiff to assert this new theory of relief on the eve of trial. *See Eagle,* 769 F.2d at 548.

The plaintiff bears the burden of prosecuting his case properly. *Johnson*, 975 F.2d at 610. In the instant case, Plaintiff has failed to demonstrate good cause to amend its complaint at this late stage in the litigation.

IV.   Conclusion

For the foregoing reasons, the motion for leave to file a third amended complaint is DENIED.

**IT IS SO ORDERED.**